EDMUND LEWICKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewicki v. Commissioner
Docket No. 9185-72.
United States Tax Court
T.C. Memo 1974-86; 1974 Tax Ct. Memo LEXIS 232; 33 T.C.M. (CCH) 449; T.C.M. (RIA) 74086; April 9, 1974, Filed. *232 Edmund Lewicki, pro se. James Hanley, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,050 in petitioner's income tax for the calender year 1970. The issue for decision is whether petitioner is entitled to a loss arising out of certain transactions involving United States Savings Bonds. Petitioner resided in Chicago, Illinois, at the time he filed his petitioner herein. Some facts have been stipulated by the parties and are incorporated herein by reference. Additionally, the findings of fact made by this Court and set forth in , affirmed by an unpublished order of the United States Court of Appeals for the Seventh Circuit dated January 2, 1973, are also incorporated herein by reference. We see no purpose to be served in setting forth in this opinion any specifics of those stipulated or previously found facts. The nub of the problem here can be stated very simply. Petitioner's claim, as set forth in his original petition, was for a theft loss. This is the precise claim that was litigated for the taxable years 1966 and 1967 *233 and disposed of in There could be no clearer case for the application of the doctrine of collateral estoppel. . Petitioner, recognizing that he is thus barred, seeks by an amended petition to shift the basis for his claimed deduction, asserting that the bonds in question were not stolen but rather were improperly converted into other income-producing United States bonds. He then goes on to argue that he is entitled to a deduction for (1) the loss of interest on such bonds which he claims he was entitled to receive during the taxable year and/or (2) an alleged claim against the Bureau of Public Debt for unauthorized conversion. As this Court, on at least two occasions, tried to explain to petitioner, neither of these grounds has any merit. As to the first ground, even assuming for purposes of decision that petitioner was entitled to interest from bonds during the taxable year, the fact is that he did not receive it. As a cash basis taxpayer, he was not taxable on such interest and it is well established that, under such circumstances, he may not use the loss of such claimed income to reduce *234 his other income. See ; (C.A. 5, 1969), affirming a Memorandum Opinion of this Court; cf. . As to the second ground, petitioner in effect seeks to have this Court adjudicate an alleged claim against the Bureau of Public Debt for participation in the conversion of his property in order to obtain an offset of the amount of such claim against his 1970 tax liability. Our jurisdiction being limited to tax matters, it is obvious that we are without power to consider any such claim, not even to the extent of granting petitioner's request for a change of venue. Clearly petitioner earnestly believes he has been victimized and should be afforded relief. But whatever claim or remedy he may have (as to which we express no opinion) can only be pursued in another forum - which one, if any, we would not presume to suggest. [1]
Decision will be entered for the respondent. *235 Footnotes
1. We are constrained to note that our single passing suggestion at trial of possible resort to the "Federal District Court" may have been imprecise. ↩